## CALDWELL *vs.* HIS CREDITORS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The price of immoveables producing fruits, bears interest from the time it is due, which is its accessory and forms part of the capital; and the privilege or mortgage of the vendor, extends to the accessory or interest as it becomes due on the price.

The vendor's privilege is a right arising out of the very nature of the contract; inasmuch as the transmission of the property is not perfect

34

until the *price* is paid, which is composed of the capital and interest. The interest represents the fruits of the immoveable sold.

But interest promised in an accordat with creditors, to be paid on a privileged debt, is not itself a privileged claim.

Interest continues to run on property ceded to creditors under the insolvent laws; even conventional interest is due on claims, when there is not a sufficiency to meet all.

In January, 1836, the syndic filed his tableau of distribution of the debts and claims of the insolvent's estate, and made the usual publication of notice for all concerned to show cause why the tableau should not be homologated.

C. Paulding made opposition, on the ground that he was a privileged creditor for the sum of three thousand dollars, with the *interest and costs thereon*; that this sum is due for part of the *price* of a lot of ground in New-Orleans, on which he retained the vendor's privilege and mortgage. The syndic refuses to put down the interest and costs of protest accruing on the note taken for the price, as a privileged claim. He prays that the tableau be so amended as to allow him the same privilege on the *interest and protest* as on the principal sum due for the price of the said lot of ground.

The district judge allowed so much of the interest as a privileged claim, as had accrued up to the time of the failure of the insolvent, and refused the remainder. The opponent appealed.

*Hennen,* for the appellant.

1. Interest is due on the amount of the note for three thousand dollars, from the time it became due and was protested until final payment; because the note was given for the price of property, producing fruits and revenues; and because the defendant was put *in morâ*. *Louisiana Code, art.* 2531.

2. The vendor is entitled to payment by privilege, not only of the note, but the *interest* thereon from the day of protest until final payment, and the costs of protest. *Louisiana Code, art.* 3162, 3216, 3219, § 2, 3221.  18 *Sirey,*

part. 2, 233. 16 *Duranton*, 370–1, *No.* 342. 15 *Merlin's*
*Rep.* 443, verbo *intérêt.* 9 *Merlin's Questions du droit*, 30,
verbo *intérêt.*

*Maybin*, contra.

*Bullard J.*, delivered the opinion of the court.

The only question presented for our solution in this case is, whether the vendor of immoveable property has a privilege, on the thing sold, for the interest due on the price, arising *ex morâ*, as well as for the price itself.

It is conceded, that the price of immoveables susceptible of producing fruits, bears interest from the time it is due, without any formal demand or putting in delay. It is legal interest, and may be regarded as an accessory to the capital, and forms a part of the price itself. The privilege for the price extends, in our opinion, to the accessory. The question here presented was formerly much litigated in France under its modern legislation, but is now considered as settled by the highest judicial authority. The Court of Cassation, in its definitive decree, assumes, as the basis of its reasoning, that the privilege of vendors is a right arising out of the very nature of the contract of sale, inasmuch as the transmission of the property is not perfect until the price is paid, and that the price is composed of the capital and the interest which the law allows in the absence of any convention, such interest representing the fruits of the immoveables sold. 3 *Martin's Reports*, 91. 18 *Sirey*, 2, 233. 16 *Duranton*, *No.* 342.

The counsel for the appellee has called our attention to the case of *D'Autrive vs. Degruy*, in which he supposes this court has settled a contrary doctrine. But the principle decided in that case was, that interest promised to be paid on a privileged debt was not privileged. *Degruy*, in a concordat with his creditors, had agreed to pay interest on certain privileged claims, and the court held that the promise did not create a privilege for the amount of interest. The interest in that case was not a legal accessory of the original debt. 2 *Martin N. S.* 117.

*[Margin note:]* The price of immoveables producing fruits, bears interest from the time it is due, which is its accessory, and forms part of the capital; and the privilege or mortgage of the vendor extends to the accessory or interest, as it becomes due on the price. The vendor's privilege is a right arising out of the very nature of the contract, inasmuch as the transmission of the property is not perfect until the price is paid; which is composed of the capital and interest. The interest represents the fruits of the immoveable sold. But interest promised in an accordat with creditors, to be paid on a privileged debt, is not itself a privileged claim.

EASTERN DIST.
*March,* 1836.

Interest continues to run on property ceded to creditors, under the insolvent laws; even conventional interest is due on claims, when there is not a sufficiency to meet all.

It is further contended, that interest ceases on the cession of property by the insolvent. This question was presented in the case of Hagan et al. *vs.* Sompeyrac et al., and this court held that even conventional interest was due on claims against an estate even where it is insufficient to meet all claims. 3 *Louisiana Reports,* 154.

We are, therefore, of opinion that the court erred in classing the interest due on the price of the property sold by the appellant to the insolvent as a simple debt without privilege; but that as to the costs of protest, the privilege does not attach, because the interest runs, in a case like this, without protest.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed, so far as relates to the privileged claim of C. Paulding; and that his claim for three thousand dollars, together with interest at five per cent. from the time the same became due, be put down on the tableau as entitled to the vendor's privilege; and that the appellee pay the costs of this appeal.